Gary S. BARONE, Petitioner-Appellee,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION; and Alan Charnes, Respondents-Appellants.

No. 85CA1656.

Colorado Court of Appeals, Div. IV.

March 26, 1987.

Morton L. Davis, Aurora, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for respondents-appellants.

HODGES,[*] Justice.

The Department of Revenue (department) appeals the trial court judgment reversing its revocation of Gary Barone's driver's license for operating a motor vehicle when the alcohol level of his breath was in excess of .15 grams per 210 liters of breath. We reverse.

Aurora Police Officer Fletcher testified at the department hearing that at about 3 a.m. on January 3, 1985, he saw the car driven by Barone carelessly swerving from lane to lane and abruptly cutting in front of another vehicle. The officer stopped Barone's car and upon contacting him noted "a strong odor of an alcoholic beverage on his breath," that his eyes were bloodshot, and his speech was slurred. Barone also failed several roadside sobriety tests. The officer then arrested Barone and took him to the Aurora Police Department.

Barone consented to a blood alcohol test of his breath, which was administered at about 3:33 a.m. The test revealed a blood alcohol level of 0.19, and therefore, the officer issued and served on Barone a notice of revocation.

█ The only issue on appeal is whether the trial court erroneously ruled that the evidence before the department hearing officer was insufficient to establish that the arresting officer had kept Barone under "close and continuous observation" for twenty minutes prior to administering the breath test. This observation period is required by a Department of Health regulation, and its purpose is to insure that any

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

belching, regurgitation, or intake of material by nose or mouth during this period has not occurred, since such would invalidate a breath test. *See* 5 Code Colo. Reg. 1005–2. Compliance with the regulation is a question of fact to be decided under the circumstances of each case. *Glasmann v. State*, 719 P.2d 1096 (Colo.App.1986).

Here, the evidence relevant to this issue included the testimony of the arresting officer that following Barone's arrest, he took Barone to the police station, an eight minute drive. During this drive, Barone was in the back seat, and the officer said he watched Barone in the rear-view mirror and that he was not distracted by any radio calls or traffic noise.

At the police station, Barone was seated next to the officer while the officer prepared the intoxilyzer machine for the test. During this procedure Barone was allowed to use a nearby wall telephone briefly, to contact a family member, but Barone was not out of the officer's presence during this time. Indeed, some testimony indicated that the officer had dialed the number for Barone. The officer also expressly testified that he observed Barone closely and continuously for at least the required twenty-minute period. No evidence was introduced to the effect that Barone belched, regurgitated, or took any action which might affect the test result.

On this record, the hearing officer found that the 20–minute observation requirement had been met, and ordered Barone's driver's license revoked. The trial court ruled the evidence was insufficient to sustain that finding. We agree with the department that by so ruling, the trial court erred.

The trial court in its order invalidating the revocation ruled in effect that in order to comply with the 20–minute observation requirement, the police officer must actually maintain constant face-to-face observation and stare fixedly at the arrested person during the 20–minute period. This rigid and unreasonable interpretation has been rejected. *See Glasmann v. State, supra.*

■ The evidence reveals that approximately 33 minutes elapsed between the police officer's first contact with Barone and the time a breath test was conducted. During these 33 minutes, Barone was continuously in the immediate presence of the officer. The fact that the officer, during the eight minute drive to the police station, during the telephone call, and during preparation for the breath test, did not have his eyes constantly set on Barone is not a valid basis for ruling that the requirement of the rule was not met.

■ The word "observe" is defined as "to see or sense." *Websters New Third International Dictionary* (1976 edition). Hence, the requisite "observation" here may include other sensory contact besides the strictly visual. Consequently, where, as in this case, the evidence in the record clearly establishes that an arrested person was constantly within the immediate presence, personal control, and custody of the police for a given period of time, it is reasonable and proper to determine that the arrested person was within the officer's "close and continuous observation" during such time period.

Considering the record as a whole, we conclude that there is substantial evidence to support the hearing officer's findings that the test was administered in accordance with Department of Health regulations. Accordingly, these findings are binding on review. *See Glasmann v. State, supra.*

We reject, as being without merit, Barone's argument that the record is so flawed as to amount to a denial of his due process rights. The inconsistencies and "inaudibles" as noted in the transcript of testimony before the department's hearing officer do not obscure the clear import of evidence presented.

The judgment is reversed, and the cause is remanded to the trial court for reinstatement of the order of revocation.

BABCOCK, J., and SILVERSTEIN, Justice,* concur.