579 So.2d 728 (1991)
STATE of Florida, Petitioner,
v.
Michael DONALDSON, Respondent.
No. 76129.
Supreme Court of Florida.
May 9, 1991.
David H. Bludworth, State Atty. and Robert S. Jaegers, Asst. State Atty., West Palm Beach, for petitioner.
*729 Richard L. Jorandby, Public Defender and Cherry Grant, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
McDONALD, Justice.
We review Donaldson v. State, 561 So.2d 648, 651 (Fla. 4th DCA 1990), in which the district court certified the following question to be of great public importance:
In a section 316.193 prosecution, where the state seeks, over defense objection, to admit the results of a breathalyzer test into evidence, to what extent must the state lay a foundation to show compliance with statutory provisions, administrative rules, and agency procedures governing the licensing of technicians, the maintenance of equipment, and the administration of tests?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and approve the decision under review.
After his arrest for driving while under the influence of intoxicants, Donaldson was taken to a "BATmobile" where a breathalyzer test was performed. The state presented evidence of the qualifications of the breathalyzer tester and that the test was properly conducted. Misconstruing Ridgeway v. State, 514 So.2d 418 (Fla. 1st DCA 1987), and believing it unnecessary to do so, the state failed to produce any evidence concerning the testing, inspection, or reliability of the machine.[1] Because there was no evidence concerning the breathalyzer machine, the district court quashed the order of the circuit court affirming the county court conviction.
In State v. Bender, 382 So.2d 697 (Fla. 1980), we stated that test results obtained under subsection 322.262(2), Florida Statutes (1979), are admissible into evidence only upon compliance with the statutory provisions and the administrative rules enacted by the Department of Health and Rehabilitative Services (HRS). Thus, we agree with the district court that there must be probative evidence (1) that a breathalyzer test was performed substantially in accordance with methods approved by HRS, and with a type of machine approved by HRS, by a person trained and qualified to conduct it and (2) that the machine itself has been calibrated, tested, and inspected in accordance with HRS regulations to assure its accuracy before the results of a breathalyzer test may be introduced. Evidence of the reliability of the machine can be presented by the person conducting its testing and inspection or, if records of use and periodic testing are kept in the regular course of business, by production of such records.
Minor deviations in compliance with the HRS regulations, such as storage location or absolute timeliness of periodic inspection, will not prohibit the test results being presented, provided that there is evidence from which the fact finder can conclude that the machine itself remained accurate.[2]Accord § 316.1932(1)(b)(1), Fla. Stat. (1987) ("Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test or test results invalid."); § 316.1934(3), Fla. Stat. (same). After the state presents its evidence, a defendant may, in any proceeding, attack the reliability of the testing procedures and the qualifications of the operator. Bender. A defendant also may question compliance with HRS regulations and the effect on the machine's integrity of failing to follow them strictly.
Because the state presented no testimony on the reliability or integrity of the machine used, the district court correctly quashed the circuit court's decision. We answer the question as set out above and approve the district court's decision.
It is so ordered.
*730 SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The machine used to perform the test was one type of breath-testing instrument approved by the Department of Health and Rehabilitative Services (HRS).
[2] We would agree with the dissent in State v. Wills, 359 So.2d 566 (Fla. 2d DCA 1978).