PARKER, Judge.
James Kaiser seeks certiorari review of the opinion issued- by the circuit court sitting in its appellate capacity. We deny Kaiser’s petition.
Following a motorcycle accident causing injury to another individual, Kaiser was arrested and charged with driving while under the influence (DUI) involving personal injury and driving without a license. While under arrest at the county jail, he was administered a breath test.
Kaiser filed a motion in limine in county court seeking an order prohibiting the state from introducing the results of the breath test. Kaiser argued that the testing technician violated the rules of the Department of Health and Rehabilitative Services (HRS) by failing to observe Kaiser properly for a twenty-minute period prior to administering the test.[1] The county court granted Kaiser’s motion.
The circuit court, acting in its appellate capacity, treated the state’s appeal of the county court’s order as a petition for writ of certiorari, granted the petition, and remanded the case to the county court for further proceedings. The circuit court’s opinion stated:
The issue for resolution is whether the trial court deviated from the essential requirements of law when it determined: 1) that the person administering the collection of the breath sample to Kaiser did not make certain the appellee had not taken anything by mouth or had not regurgitated for at least twenty minutes before administering the test; and 2) that the chemical test administered to Kaiser was not performed substantially according to the methods approved by the Department of Health and Rehabilitative Services in Chapter 10D-42.-024(l)(f) [sic], Fla. Administrative Code.
It is undisputed that twenty minutes or more did elapse from the time Kaiser entered the custody of the breath test operator until the time his breath was tested. It is also undisputed that the breath test operator did not stare fixedly at Kaiser during this time period, although he remained within a few feet of Kaiser throughout the observation period. Therefore, given that Kaiser was observed for twenty minutes prior to the testing, it is the opinion of this court that the issue of whether the breath test operator was able to make certain Kaiser did not ingest any substance or regurgitate during the observation period is an issue going to the weight of the evidence presented. As such, this is a question to be determined by the jury, rather than a matter of law to be decided by the court.
Kaiser argues that the circuit court departed from the essential requirements of law in holding that the question of the technician’s ability to make certain that Kaiser did not do anything to invalidate the test is an issue for the jury. Kaiser contends this is a question of law. We disagree and deny Kaiser’s petition. The circuit court, acting in its appellate capacity, did not depart from the essential requirements of law. In concluding that the technician did observe Kaiser for twenty minutes and that the county court departed *770 from the essential requirements of law in suppressing admissible evidence, the circuit court implicitly held that the technician substantially complied with HRS regulations in administering the test. Thus, the legal determination as to admissibility of the test results in fact was made by the circuit court. The circuit court’s statement that “whether the technician was able to make certain that Kaiser did not regurgitate or ingest anything goes to the weight of the evidence” is simply a recognition that the jury may consider the weight to be given to the test if the defense challenges its reliability.
Additionally, the circuit court applied the correct law in determining the admissibility of the test results. For purposes of the DUI statute, the breathalyzer test is admissible if there is probative evidence that the test was performed substantially in accordance with methods approved by HRS. See State v. Donaldson, 579 So.2d 728 (Fla.1991). Minor deviations in compliance will not render the test results invalid. Id.; § 316.1932(1)(b)(1), Fla.Stat. (1991). The circuit court properly quashed the county court’s order which effectively held that there must be continuous face-to-face observation for twenty minutes in the test room in order to make certain that the defendant did not ingest anything or regurgitate.
The circuit court’s holding follows rulings in Colorado cases which have construed regulations requiring “close and continuous observation” for a twenty-minute period to detect belching, regurgitation, or ingestion. In cases factually similar to those here, the Colorado court has found that the regulations do not require the technician to stare fixedly at the defendant for the entire period of time. See Barone v. State, 736 P.2d 432 (Col.1987) and Glassman v. State, 719 P.2d 1096 (Col.1986). In Barone, the defendant sat in the back seat of the car during an eight-minute ride to the police station during the observation period. Although the officer did not stare fixedly at the defendant during the period of observation, the court found substantial compliance with the regulation. We agree with the circuit court that continuous face to face observation for twenty minutes is not required to achieve substantial compliance with the approved HRS methods.
Based on the above-cited authorities, the circuit court did not depart from the essential requirements of law. We therefore deny the petition for writ of certiorari.
SCHOONOVER, A.C.J., and HALL, J., concur.

. Florida Administrative Code Rule 10D-024(l)(e) provides:
10D-42.024 Approved Chemical Breath Testing Instruments — Operational and Preventive Maintenance Procedures.
(1) General Rules
(e) The technician, arresting officer, or person administering the collection of the breath sample must make certain the subject has not taken anything by mouth or has not regurgitated for at least twenty minutes before administering the test. This provision shall not be construed to require an additional twenty minute observation period before administering of the second sample.