633 So.2d 69 (1994)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, State of Florida, Petitioner,
v.
Charles Dale FARLEY, Respondent.
No. 93-2638.
District Court of Appeal of Florida, Fifth District.
February 18, 1994.
Rehearing Denied March 18, 1994.
Enoch J. Whitney, General Counsel and Kim Feigin, Asst. General Counsel, Dept. of Highway Safety and Motor Vehicles, Miami, for petitioner.
Barbara C. Davis, of Law Office of Flem K. Whited, III, Daytona Beach, for respondent.
*70 COBB, Judge.
The State of Florida, Department of Highway Safety and Motor Vehicles (hereinafter the State) seeks certiorari review by this court of an order issued by the circuit court, acting in its review capacity, which overturned a determination by a hearing officer of the State that the driving privilege of Charles Dale Farley should be suspended for six months. The issue before us is whether the circuit court's order granting certiorari review of the agency action represents a departure from the essential requirements of law  i.e., did the circuit court afford procedural due process and apply the correct law? See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
The essential facts are not in dispute. Farley was arrested, with probable cause, for DUI. He was transported to the Flagler County Jail for processing and voluntarily submitted to a breath test. His test results were .146 percent at 12:22 a.m. and .154 percent at 12:26 a.m. The first test occurred seventeen minutes after the arrival of the testing officer, Deputy Weeks. During the three minutes preceding Weeks's arrival, Farley was in the presence of an unidentified third party at the jail. At the hearing, Farley's attorney sought dismissal of the administrative action on the basis that the State had violated Administrative Code Rule 10D-42.024(1)(e), which provides, in pertinent part:
The technician, arresting officer, or person administering the collection of the breath sample must make certain the subject has not taken anything by mouth or has not regurgitated for at least twenty minutes before administering the test.
Section 316.1932(1)(b)(2), Florida Statutes (1991) provides:
An analysis of a person's breath, in order to be considered valid under this section, must have been performed substantially according to methods approved by the Department of Health and Rehabilitative Services. For this purpose, the department is authorized to approve satisfactory techniques or methods. Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test or test results invalid.
The hearing officer denied the motion. Farley then testified and did not claim, nor deny, that he ingested or regurgitated anything during the twenty minute observation period. Farley's testimony, of course, is irrelevant to our consideration of whether or not the state presented a prima facie case based on its evidence. His tacit admission after denial of his motion to dismiss at the conclusion of the State's evidence is irrelevant if the state failed to meet its burden of proof. See State v. Pennington, 534 So.2d 393 (Fla. 1988); see also, Fla.R.Crim.P. 3.380(b).
At the conclusion of Farley's testimony, the hearing officer found that the breath testing procedure was in substantial compliance with the rule and suspended Farley's license. Farley then petitioned for certiorari review by the circuit court. In an order granting the petition the circuit court found, in pertinent part:
5. The Petitioner timely requested a review of his suspension by filing his Petition for Writ of Certiorari where he argues there was no substantial competent evidence to support the hearing officer's finding that the State substantially complied with Rule 10D-42.024(1)(e) and, further, that essential requirements of law were not complied with by the hearing officer shifting to the Petitioner the burden to prove that he did not take anything by mouth or regurgitate during the observation period.
6. In the instant case, Rule 10D-42.024(1)(e) was not complied with. The rule requires the person collecting the sample of the person's breath make certain that the person has not taken anything by mouth or regurgitated for at least twenty (20) minutes prior to the administration of the test. It is the Respondent's burden to prove substantial compliance with the rule or the test should not be admitted into evidence. The Petitioner does not bear the burden of proof that he did not take something by mouth or regurgitate. Vernon *71 v. State, 558 So.2d 535 (Fla. 1st DCA 1990).
7. In this case, there was no evidence to conclude, as the hearing officer did, that the seventeen (17) minute period was substantial compliance with Rule 10D-42.024(1)(e). See State v. Sharp, 47 Fla. Supp.2d 84 (7th Cir.Ct. 1989) (eighteen (18) minute observation held insufficient to comply with observation rule). The test should not have been admitted into evidence. Without the admission of the BAC the continued suspension of the Petitioner's driver's license could not stand.
8. Further, essential requirements of law were not complied with by the shifting to the Petitioner the burden of coming forward to show the rule had been violated.
The state contends that the record evidence established that the test operator was certified to administer the test and that the intoxilyzer itself was properly registered, inspected and maintained as of the date of the test on July 5, 1993. Thus, says the state, the hearing officer could properly conclude that the machine itself remained accurate, and this has not been disputed by Farley. The state points out that the only Florida appellate court to address the issue of substantial compliance with the observation period requirement is the Second District. In Kaiser v. State, 609 So.2d 768 (Fla. 2d DCA 1992), it was held that continuous face-to-face observation for twenty minutes is not required to make certain that the defendant did not ingest anything or regurgitate. The court stated that HRS rules do not require the technician to stare fixedly at the defendant for the entire observation period to achieve substantial compliance. Kaiser relied on two Colorado cases which liberally construed the observation period requirements. See Barone v. State, 736 P.2d 432 (Colo. App. 1987); Glasmann v. State, 719 P.2d 1096 (Colo. App. 1986).
Farley's response to the state's petition is relatively simple. It was undisputed that the twenty minute observation period required by Rule 10D-42.024(1)(e) was violated because Deputy Weeks only observed him for seventeen minutes and there was no testimony from either the arresting officer or the unidentified third party, the two persons with Farley between his arrest and his time with Weeks, as to what they observed. In fact, the state presented no live testimony before the hearing officer. Farley argues that there was no testimony that anyone other than Deputy Weeks had anything to do with compliance with Rule 10D-42.024(1)(e); even the arrest report of the arresting officer was silent on that point. Although someone was in the room with Farley prior to the arrival of Weeks, that person did not testify. In his response, Farley acknowledges that, under some circumstances, seventeen minutes could constitute substantial compliance  but in this case the state presented no evidence at all as to what occurred, or did not occur, during the missing three minutes. He contends that his own failure to testify as to any violation of the Rule (i.e., oral consumption of any material or regurgitation) during that three minute interval should not have been considered by the hearing officer since the burden was on the state to prove that any deviation in the procedure was insubstantial, rather than on the motorist to show that the deviation was substantial. See State v. Reisner, 584 So.2d 141, 144 (Fla. 5th DCA), rev. denied, 591 So.2d 184 (Fla. 1991); Vernon v. State, 558 So.2d 535 (Fla. 1st DCA 1990).
Ultimately, we must agree with the circuit court that the state failed to carry its burden that there was substantial compliance with the rule, as permitted under section 316.1934, Florida Statutes. Once Farley challenged the test results on the basis that the HRS testing rules were not complied with, the state then had the burden to show that the testing procedure used was in substantial compliance with the rules. See, Donaldson v. State, 561 So.2d 648 (Fla. 4th DCA 1990). The state could have called the lay witness (assuming he was such) who was with Farley for the crucial three minute period to testify that he did not notice any ingestion or regurgitation by Farley during that period, even though he was not specifically observing Farley for that purpose. See, e.g., Kaiser. Such testimony could have sustained the hearing officer's finding of substantial compliance, but the state, as noted *72 by the circuit court, failed to produce any evidence whatsoever in regard to the three minute period.
Accordingly, we deny certiorari.
GRIFFIN and DIAMANTIS, JJ., concur.