698 So.2d 912 (1997)
STATE of Florida, Appellant,
v.
Deanna IRIZARRY, Appellee.
No. 96-3234.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, and Barry E. Krischer, State Attorney, and Theodore S. Booras, Assistant State Attorney, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellee.
KLEIN, Judge.
Defendant was arrested for DUI in June of 1996. After denying the State's motion in limine to introduce into evidence a breath test result affidavit prepared pursuant to section 316.1934(5), Florida Statutes (1995), the *913 county court certified the following question as involving a matter of great public importance:
IS A BREATH TEST RESULT AFFIDAVIT PREPARED FOR USE IN ACCORDANCE WITH FLORIDA STATUTE 316.1934(5) ADMISSIBLE IN EVIDENCE WITHOUT FURTHER PROOF OF MAINTENANCE, OR MUST THE STATE INDEPENDENTLY PROVE PROPER MAINTENANCE OF THE INTOXILYZER?
Our review of questions certified by county courts to be of great public importance is discretionary under Florida Appellate Rule 9.030(b)(4)(B). Rule 9.160(e)(2) requires that we "by order accept or reject jurisdiction" of the appeal. In its order certifying the question, the trial court explained that there was conflict between the decisions of circuit courts, sitting in their appellate capacity, on this issue.
County court judges occasionally certify questions with no explanation as to why they are of great public importance. Sometimes they involve issues which arise almost exclusively in county court, and because of our unfamiliarity with these areas of the law, we are unable to discern from the question itself why it is important. An explanation might well persuade us to accept an appeal when we would otherwise reject it. We appreciate the explanation, accept jurisdiction, and answer in the affirmative.
After State v. Donaldson, 579 So.2d 728 (Fla.1991), holding that there must be evidence that a breathalyzer test machine has been calibrated, tested and inspected, the legislature amended section 316.1934, Florida Statutes, effective July 1, 1991, adding subsection (5), see ch. 91-255, § 4, at 2451, Laws of Fla., which now provides:
An affidavit containing the results of any test of a person's blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement that was held by the person who performed the test; and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
The Department of Law Enforcement shall provide a form for the affidavit. Admissibility of the affidavit does not abrogate the right of the person tested to subpoena the person who administered the test for examination as an adverse witness at a civil or criminal trial or other proceeding.
In implementing section 316.1934(5), the Department of Law Enforcement has promulgated FDLE/ICP Form 14, see Fla. Admin. Code R. 11D8.017(14), the form which the state sought to introduce. The department rules require an annual inspection of breath test instruments by the department for accuracy and alcohol-free reading, see Fla. Admin. Code R. 11D-8.005, and a monthly inspection by the agency, see Fla. Admin. Code R. 11D-8.006. The agency inspection must be done "at least once each calendar month," defined to mean "From the first day of the month through the last day of the month." Fla. Admin. Code R. 11D-8006(1). The rule also requires that a breath test log of every breath test be maintained and inspected monthly by a technician. Fla. Admin. Code R. 11D-8.006(2)(a), (c).
The trial court determined that the form affidavit was insufficient unless the State independently proved proper maintenance of the intoxilyzer. The trial court relied on an unpublished opinion of the Palm Beach County Circuit Court, sitting in its appellate capacity, holding under Donaldson that unless the affidavit includes the fact that the last *914 inspection showed that the intoxilyzer tested accurately, the State has to present evidence of accuracy.
The defendant makes no argument that the statute is unconstitutional, but rather relies entirely on Donaldson.[1] Because Donaldson has been superseded by the statute, and the affidavit complies with the statute, we conclude that the affidavit was admissible without proof that the testing of the machine showed it to be accurate.
STONE, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] In Gehrmann v. State, 650 So.2d 1021 (Fla. 4th DCA), rev. denied, 659 So.2d 1086 (Fla.1995) we denied certiorari review of a circuit court appellate decision holding that the statute does not violate the confrontation clauses of the federal and Florida constitutions or improperly shift the burden of proof.