922 So.2d 1046 (2006)
Bruce BELVIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D04-4235.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*1047 Richard W. Springer and Catherine Mazzullo of Richard W. Springer, P.A., West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for respondent.

ON MOTION FOR REHEARING

EN BANC
TAYLOR, J.
On rehearing, we withdraw our prior opinion and substitute the following in its place.
Petitioner Bruce Belvin seeks certiorari review of a final decision of the Palm Beach Circuit Court, rendered in its appellate capacity, affirming his conviction and sentence for driving under the influence of alcohol. Because we agree with petitioner that admission of certain portions of the breath test affidavit at his criminal trial violated his constitutional right to confrontation under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we grant the petition and remand this cause for a new trial.
Bruce Belvin was arrested for driving under the influence (DUI) and transported to a breath testing facility. There, he submitted to a breath test. His breath test results measured 0.165, 0.144, and 0.150. At Belvin's non-jury trial, the arresting officer testified that he made the traffic stop and requested the breath samples. Breath test technician Rebecca Smith administered the breath test and prepared the breath test affidavit, but she did not testify at trial. Belvin objected to introduction of the breath test affidavit without the breath test technician being present at trial and subject to cross-examination. He argued that the affidavit was hearsay and that he had a statutory right to subpoena the technician for trial, pursuant to section 316.1934(5), Florida Statutes. After concluding that the breath test affidavit was trustworthy, the trial court overruled petitioner's objection and admitted it into evidence. The court found Belvin guilty of DUI.
*1048 Petitioner appealed his conviction and sentence to the circuit court. On appeal petitioner argued that the unavailability of the breath technician at trial violated his constitutional right to confrontation, contrary to Crawford. Agreeing with petitioner, the circuit court reversed the DUI conviction. The court ruled that the breath test affidavit is testimonial hearsay and, therefore, inadmissible because petitioner did not have an opportunity to cross-examine the breath test technician. Belvin v. State, 11 Fla. L. Weekly Supp. 792 (Fla. 15th Cir.Ct. July 2004). On rehearing, however, the circuit court decided that the affidavit is not testimonial in nature and that Crawford does not preclude its admission. The court affirmed petitioner's DUI conviction. Petitioner then sought certiorari review of the circuit court's decision.
In Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla. 1995), the supreme court discussed the standard of review that applies when a district court reviews an appellate decision of a circuit court. The court explained that the proper inquiry is whether the circuit court afforded the petitioner procedural due process and applied the correct law. Failure to apply the correct law, which is synonymous with departure from the essential requirements of the law, is something more than a simple legal error. Id. at 528. To warrant a writ of certiorari, the error must be serious enough to constitute a departure from the essential requirements of the law. Id. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice. Id. (citing Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)).
The state urges us to deny the petition, arguing that the petitioner has not made an adequate preliminary showing that the affirmance of the trial court's decision to admit the breath test affidavit violated "a clearly established principle of law." The state contends that the county court properly admitted the affidavit as a public records hearsay exception, pursuant to sections 316.1934(5) and 90.803(8), Florida Statutes, and based on our decisions in Gehrmann v. State, 650 So.2d 1021 (Fla. 4th DCA 1995), and State v. Irizarry, 698 So.2d 912 (Fla. 4th DCA 1997).
Petitioner counters that the circuit court's ruling on the breath test affidavit violated a clearly established principle of law in that it conflicted with the United States Supreme Court's decision in Crawford v. Washington. There, the Court held that hearsay that is "testimonial" in nature is inadmissible in criminal prosecutions unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. As discussed below, the Court did not specifically define "testimonial" hearsay, but suggested some examples of evidence that would fall within that category. The issue we must decide is whether breath test affidavits, or any portion thereof, constitute "testimonial" hearsay and are thus subject to the holding in Crawford.
In a drunk driving prosecution, before introducing breath test results, the state must present evidence that the test was performed substantially in accordance with approved methods, by a person trained and qualified to conduct it, on an approved machine that has been tested and inspected. See State v. Donaldson, 579 So.2d 728 (Fla.1991). To simplify the state's burden in presenting this evidence, the legislature passed laws allowing the state to introduce at trial an affidavit containing the necessary evidentiary foundation for breath test results. See §§ 316.1934(5); 90.803(8), Fla. Stat. These statutory provisions permit breath test affidavits to be admitted as a public *1049 records exception to the hearsay rule. Section 316.1934(5) provides:
An affidavit containing the results of any test of a person's blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test; and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
The Department of Law Enforcement shall provide a form for the affidavit. Admissibility of the affidavit does not abrogate the right of the person tested to subpoena the person who administered the test for examination as an adverse witness at a civil or criminal trial or other proceeding.
Section 90.803(8) provides as an exception to hearsay:
(8) PUBLIC RECORDS AND REPORTS.  Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness. The criminal case exclusion shall not apply to an affidavit otherwise admissible under s. 316.1934 or s. 327.354.
(emphasis added).
As mentioned above, the state argues that certiorari review should not be granted because the above statutes, along with precedent in our district, demonstrate that the circuit court's decision does not violate "a clearly established principle of law." But for purposes of certiorari review, "clearly established law" can derive from recent controlling constitutional law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003) (noting that "`clearly established law' can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law").
The recent controlling constitutional law that petitioner relies on is Crawford v. Washington, wherein the Court held that hearsay of a testimonial nature is subject to cross-examination in criminal prosecutions. In deciding Crawford, the Court overturned Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which permitted the introduction of hearsay statements of unavailable witnesses so long as the statements bore "particularized guarantees of trustworthiness" or fell under a "firmly rooted hearsay exception." Crawford, 541 U.S. at 60, 124 S.Ct. 1354 (citing Roberts, 448 U.S. at 66, 100 S.Ct. 2531). The Court determined that the test set forth in Roberts failed to satisfy the historical concerns of the Confrontation Clause, stating:

*1050 Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of "reliability." Certainly none of the authorities discussed above acknowledges any general reliability exception to the common-law rule. Admitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontation. To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.
Id. at 61, 100 S.Ct. 2531.
Although the Crawford Court declined to provide a complete definition of "testimonial" evidence, petitioner argues that its partial definition encompasses the breath test affidavit. Indeed, the Court included affidavits in its list of examples of testimonial evidence. The Court explained that the Confrontation Clause:
[A]pplies to "witnesses" against the accused  in other words, those who "bear testimony." "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.
Various formulations of this core class of "testimonial" statements exist: "ex parte in-court testimony or its functional equivalent  that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial"
Id. at 51-52, 124 S.Ct. 1354 (citations omitted) (emphasis added).
Breath test affidavits are usually generated by law enforcement for use at a later criminal trial or driver's license revocation proceeding. They thus qualify as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."
The state argues that breath test affidavits are admissible under Crawford because: (1) the affidavits are not testimonial in nature, and (2) they qualify as "public records" excluded from Crawford's definition of testimony. Though the state acknowledges that Crawford lists affidavits among those items which could be considered testimonial in nature, it contends that breath test affidavits are different from the affidavits contemplated in Crawford, because they "simply involve a technician's observations regarding the administration of a breath test, not the examination of a declarant and the give-and-take of questions and answers." In our view, this is a distinction without a difference. Breath testing operators are required to follow certain procedures to ensure the reliability of the test results, including maintaining a *1051 breath test log, observing the defendant for a fixed period of time,[1] and analyzing the requisite number of samples within a specified time frame. Their affidavits are based on what they did and observed while testing the subject. Among other things, the affidavit contains the technician's statement of when he began the period of observation and what procedures he followed in conducting the breath test. These recordings are "testimonial" in our view. And though Florida has adopted a "substantial compliance" standard, which means that minor deviations from the rules will not result in the exclusion of test results, the information recorded by the technician who administered the test is admitted to establish a critical element of the crime of driving under the influence.
The state also argues that the breath test affidavit is admissible without the breath test technician's presence at trial because the affidavit qualifies as a "public record." According to the state, Crawford would allow admission of business records and some other official records because they are not testimonial in nature. See Crawford, 541 U.S. at 56 n. 6, 124 S.Ct. 1354 ("Most of the hearsay exceptions covered statements that by their nature were not testimonial  for example, business records . . . ."); see also id. at 75, 124 S.Ct. 1354 (Rehnquist, C.J., noting in his concurrence that "the Court's analysis of `testimony' excludes at least some hearsay exceptions, such as business records and official records"). The state maintains that, because sections 316.1934(5) and 90.803(8) expressly state that breath test affidavits are public records and reports, they are not testimonial. But the statutory listing of breath test affidavits under the public records and reports exception to the hearsay rule does not control whether they are testimonial under Crawford.
In Gehrmann v. State, 650 So.2d 1021 (Fla. 4th DCA 1995), we held that section 316.1934(5), Florida Statutes (1991), which permits breath test affidavits to be introduced in evidence, does not violate the confrontation clauses of the federal and Florida constitutions. However, Gehrmann was decided before Crawford and must be re-examined in light of that case. In Gehrmann, we concluded that the breath test affidavit, in its entirety, is admissible under section 316.1934(5). We did not distinguish between the various foundational requirements for breath test results encompassed by the affidavit. On closer examination, however, we note that the affidavit has several components. It includes information pertaining to the procedures and observations of the person who conducted the breath test, as well as documentation regarding the maintenance and inspection of the breath test instrument. In this case, the petitioner complains about those portions of the affidavit pertaining to the procedures followed by the technician in administering the breath test. He argues that this information is precisely the type of evidence considered testimonial in Crawford. We agree and acknowledge that Gehrmann has been abrogated by Crawford. We therefore recede from Gehrmann to the extent that it permits the introduction of breath test affidavits at trial without affording the defendant an opportunity to cross-examine the breath test technician at trial on matters relating to the procedures the technician followed in administering the breath test. See Napier v. State, 827 N.E.2d 565 (Ind. *1052 App.2005) (holding, on rehearing, that because the state failed to present any "live" testimony at trial from the officer who conducted chemical breath tests, the admission of evidence of the test results violated the Confrontation Clause).
The state argues on rehearing that to preclude admission of breath test affidavits without an opportunity for cross-examination, we must also recede from our holding in Irizarry, 698 So.2d at 912. We disagree. In Irizarry, we did not decide whether admission of the breath test result affidavit under section 316.1934(5), Florida Statutes, violated the Confrontation Clause. We simply held that the portion of the affidavit showing the time of the most recent maintenance on the breath test machine was admissible without further proof that the testing of the machine showed it to be accurate.
In this case, petitioner has not raised the issue of whether those portions of the breath test affidavit pertaining to the maintenance and inspection of the breath test instrument violate the Confrontation Clause under Crawford. Therefore, we do not now decide that issue. We note, however, that the First District Court of Appeal has held that Crawford precludes admitting that portion of the breath test affidavit pertaining to the breath testing machine's maintenance. See Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005). Shiver held that the affidavit confirming that the "statutorily required maintenance of the instrument was performed" was testimonial hearsay. Id. at 618. The trooper who made the DUI arrest and testified at trial "was simply attesting to someone else's assertion that the breathalyzer had been timely and properly maintained before being used on the Appellant." Id. at 618; cf. Napier (holding, on rehearing, that the admission of documents regarding the inspection and certification of breath test instruments does not violate the Confrontation Clause under Crawford); State v. Cook, 2005 WL 736671 (Ohio App. Mar. 31, 2005) (holding that records relating to checks performed on a breath test machine and the qualifications of the officer administering the test are non-testimonial in nature and thus not subject to a Crawford challenge).[2]
*1053 The state next argues that even if the breath test affidavit is deemed testimonial in nature, the petition should be denied because the petitioner could have cross-examined the technician prior to trial by deposing her under Rule 3.220(h)(1)(D). This discovery rule permits defendants to take depositions in cases involving misdemeanors or criminal traffic offenses when good cause is shown to the trial court. According to the state, the circuit court properly held that the breath test affidavit in this case was admissible because: (1) the technician was unavailable, and (2) petitioner waived his opportunity to cross-examine her by failing to depose her. To support its position, the state cites Blanton v. State, 880 So.2d 798, 801 (Fla. 5th DCA 2004). In Blanton, the fifth district held that Crawford's goal of preventing the use of statements not previously tested through the adversary process is ordinarily met by means of a discovery deposition.
In Lopez v. State, 888 So.2d 693, 701 (Fla. 1st DCA 2004), the first district rejected Blanton, concluding that a discovery deposition does not qualify as a prior opportunity for cross-examination. The court disagreed with Blanton for several reasons. First, the court distinguished between a discovery deposition and a deposition to perpetuate testimony under rule 3.190(j), explaining that the former is a discovery tool not intended for cross-examination. Second, the court explained that the defendant is not entitled to be present at a discovery deposition, as he or she would be during cross-examination of a witness at trial. The court stated:
Only in the broadest possible sense could it be said that a discovery deposition offers an "opportunity" for cross-examination. We think that it plainly does not offer the kind of opportunity the Court was referring to in Crawford. If we were to conclude that the taking of a discovery deposition satisfies the right of confrontation, we would also have to conclude that the right is satisfied even if the defendant neglects or declines to depose the witness. And it would be a very short step from there to extend the rule to defendants who have not even elected to participate in discovery. After all, the defendant has an opportunity to participate in discovery and an opportunity to depose witnesses listed by the state. We could even say that the Florida discovery rule effectively eliminates the constitutional requirements announced in Crawford, so long as the state can show that the declarant was available for deposition at some time before the trial. As these possibilities illustrate, the taking of a discovery deposition cannot be treated as a proceeding that affords an opportunity for cross-examination.
Id.
Recently, in Contreras v. State, 910 So.2d 901 (Fla. 4th DCA 2005), we certified conflict with Blanton. There, we held that a video statement of the child victim in a sexual battery case failed to satisfy the requirements of Crawford and the Sixth Amendment. We disagreed with the state that the victim's testimony at the discovery deposition was a satisfactory *1054 substitute for the right of confrontation at trial. Although we agreed with the first district's analysis in Lopez, we observed that there might be circumstances where a criminal discovery deposition could suffice as a substitute for the "prior opportunity for cross-examination." We commented that "[w]e can envision circumstances where the defendant is aware of the state's intention to use a prior testimonial statement, is present at a deposition, and so conducts the cross examination of the witness that it might satisfy Crawford." Contreras, 910 So.2d at 909. Those circumstances, however, are not present in this case.
As mentioned above, section 316.1934(5), Florida Statute gives a defendant the right to subpoena the breath test operator as an adverse witness at trial. This statutory provision, however, does not adequately preserve the defendant's Sixth Amendment right to confrontation. As we noted in Contreras, the burden of proof lies with the state, not the defendant. "Not only does a defendant have no burden to produce constitutionally necessary evidence of guilt, but he has the right to stand silent during the state's case in chief, all the while insisting that the state's proof satisfy constitutional requirements." Contreras, 910 So.2d at 908.
In sum, we conclude that those portions of the breath test affidavit pertaining to the breath test technician's procedures and observations in administering the breath test constitute testimonial evidence. Their admission at petitioner's criminal DUI trial violated his right of confrontation under Crawford. Because petitioner was prevented from confronting this critical evidence of his blood alcohol level at trial, its admission was serious enough to constitute a violation of a clearly established principle of law resulting in a miscarriage of justice.[3] Accordingly, we grant the petition for writ of certiorari. However, in view of the importance of the issues involved, we certify the following question to be of great public importance:

Does admission of those portions of the breath test affidavit pertaining to the breath test operator's procedures and observations in administering the breath test constitute testimonial evidence and violate the Sixth Amendment's Confrontation Clause in light of the United States Supreme Court's holding in Crawford v. Washington, 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004)?
Certiorari granted, decision quashed.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, KLEIN, SHAHOOD and GROSS, JJ., concur.
HAZOURI, J., recused.
MAY, J., concurs specially with opinion.
MAY, J., concurring specially.
I concur in the result, but write to address two issues. Today, our court holds that portions of the breath test affidavit relating to "the breath test technician's procedures and observations in administering the breath test" constitute testimonial evidence, and are inadmissible based upon Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). I don't disagree that certain aspects of the affidavit are testimonial in nature. However, the type of test administered, the time of the collection, and the status of the *1055 permit held by the person performing the test would seem to me to qualify as business records, avoiding the reach of Crawford. See, e.g., Napier v. State, 827 N.E.2d 565, 569 (Ind.Ct.App.2005) ("no requirement that live testimony must be offered as to instrument or operator certification").
In addition, section 316.1934(5), Florida Statutes (2004), provides that "[a]dmissibility of the affidavit does not abrogate the right of the person tested to subpoena the person who administered the test for examination as an adverse witness at a civil or criminal trial or other proceeding." In my view, this section provides the defendant with the requisite opportunity to cross-examine the affiant, which is all that Crawford requires. See City of Las Vegas v. Walsh, 124 P.3d 203 (Nev.2005). However, our court has held otherwise and I am bound by that decision. See Contreras v. State, 910 So.2d 901 (Fla. 4th DCA 2005).
NOTES
[1] Regulations provide that "the breath test inspector, operator, agency, arresting officer, or person designated by the permit holder shall reasonably insure that the subject has not taken anything by mouth or has not regurgitated for at least twenty (20) minutes before administering the test." Fla. Admin. Code R. 11D-8.007(3).
[2] As the cases cited below demonstrate, courts applying Crawford have reached different conclusions as to whether certain records and reports are testimonial hearsay and thus inadmissible in criminal prosecutions. See, e.g., Desue v. State, 908 So.2d 1116 (Fla. 1st DCA 2005) (holding that Department of Corrections computer printouts are admissible to show a prisoner's release date); Peterson v. State, 911 So.2d 184 (Fla. 1st DCA 2005) (holding that admission of Department of Corrections business records did not violate defendant's Confrontation rights); Smith v. State, 898 So.2d 907 (Ala.Crim.App.2004) (holding that admission of autopsy reports, without testimony of medical examiner who performed autopsy, violated defendant's Sixth Amendment right to confrontation); People v. Johnson, 121 Cal.App.4th 1409, 18 Cal. Rptr.3d 230 (2004) (holding that lab reports are routine and nontestimonial documents); People v. Kanhai, 8 Misc.3d 447, 797 N.Y.S.2d 870 (holding that certified intoxilizer test results are business records and do not violate right to confrontation); People v. Durio, 7 Misc.3d 729, 794 N.Y.S.2d 863 (N.Y.2005) (holding that autopsy reports are business records); People v. Hinojos-Mendoza, 2005 WL 2561391, ___ P.3d ___ (Colo.App.2005) (holding that lab report on block of cocaine is not testimonial and not subject to exclusion under Crawford); People v. Brown, 9 Misc.3d 420, 801 N.Y.S.2d 709 (N.Y.Sup.2005) (holding that lab technician notes and records made in course of conducting DNA testing were not testimonial, and thus their admission as business records did not violate Confrontation Clause); Luginbyhl v. Commonwealth, 46 Va.App. 460, 618 S.E.2d 347 (2005) (holding that admission of certificate of a blood alcohol analysis based on the result obtained from a breath test did not violate the defendant's Confrontation Clause rights); cf. Johnson v. State, 31 Fla. L. Weekly D125, ___ So.2d ___, 2005 WL 3556038 (Fla. 2nd DCA Dec. 30, 2005) (holding that FDLE lab report establishing illegal nature of substance possessed by defendant was testimonial hearsay and was improperly admitted where declarant was available to testify); People v. Rogers, 8 A.D.3d 888, 780 N.Y.S.2d 393 (2004) (holding that a victim's blood report was improperly admitted as a business record in a rape and sodomy prosecution in violation of the Sixth Amendment right to cross-examine witnesses); City of Las Vegas v. Walsh, 124 P.3d 203 (Nev.2005) (holding that nurse's affidavit regarding withdrawal of blood sample for chemical analysis in DUI case is testimonial under Crawford).
[3] As the circuit court noted it its initial opinion, "[I]t is clear from the trial court's comments that without the breath test affidavit, there may have been a reasonable doubt as to appellant's guilt."