465 So.2d 1296 (1985)
Betty STAMBOR, Appellant,
v.
ONE HUNDRED SEVENTY-SECOND COLLINS CORPORATION, a Florida Corporation, D/B/a Rascal House, Appellee.
No. 84-1358.
District Court of Appeal of Florida, Third District.
March 12, 1985.
Rehearing Denied April 16, 1985.
*1297 Friedman & Miller and Robert Miller, North Miami Beach, for appellant.
Richard Owen, Richard A. Sherman and Rosemary Wilder, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
The plaintiff Betty Stambor appeals a final judgment entered below on an adverse jury verdict in a negligence action. The action arose out of a slip-and-fall accident at a Miami Beach restaurant owned by the defendant One Hundred Seventy-Second Collins Corporation d/b/a Rascal House.
The principal points raised on appeal are: (1) the trial court committed reversible error in admitting in evidence a certain accident report prepared by the manager of the restaurant immediately after the accident in this case, forwarded to the restaurant's insurance carrier in anticipation of litigation arising from this accident and offered by the defense at trial;[1] and (2) the trial court committed reversible error in refusing to admit as evidence the testimony of a restaurant owner-manager-waitress offered by the plaintiff that, in her experience at other restaurants which she had operated or worked at, anti-skid safety mats were used at water stations similar to the place where the accident in this case took place. We agree and reverse for a new trial.
First, it is plain that the accident report which was prepared solely in anticipation of litigation was not admissible in evidence. It constituted, without dispute, hearsay evidence and was not admissible, as urged, under the business records exception to the hearsay rule.[2] § 90.803(6)(a), Fla. Stat. (1983). Although clearly the report was a business record kept in the regular course of the defendant restaurant's business, the report was nonetheless inadmissible under the business records exception because "the sources of information or other circumstances show lack of trustworthiness." § 90.803(6)(a) Fla. Stat. (1983). This report was made solely for litigation purposes to help defend against a claim which might arise from the accident. *1298 The report therefore lacks the reliability which business records are ordinarily assumed to have; the manager here had a business motive to fabricate and no business motive to be truthful in preparing this report. Accident reports made under these circumstances have generally been held inadmissible in evidence under the business records exception to the hearsay rule for lack of trustworthiness. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Campbell v. Nordco Products, 629 F.2d 1258 (7th Cir.1980); Bracey v. Herringa, 466 F.2d 702 (7th Cir.1972); Puggioni v. Luckenbach Steamship Co., 286 F.2d 340 (2d Cir.1961); Gilmour v. Strescon Industries, 66 F.R.D. 146 (E.D. Pa.), aff'd, 521 F.2d 1398 (3d Cir.1975); McCormick on Evidence § 308, at 876-77 (E. Cleary 3d ed. 1984), and cases collected; see Clark v. City of Los Angeles, 650 F.2d 1033 (9th Cir.1981), cert. denied, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982); Sabatino v. Curtiss National Bank of Miami Springs, 415 F.2d 632 (5th Cir.1969), cert. denied, 396 U.S. 1057, 90 S.Ct. 750, 24 L.Ed.2d 752 (1970); United States v. Ware, 247 F.2d 698 (7th Cir.1957); Hartzog v. United States, 217 F.2d 706 (4th Cir.1954). Ehrhardt states the controlling law here:
"Not all records regularly made by a business are admissible; a requirement of minimum reliability of a record is contained in Section 90.803(6) [Florida Statutes] which states that when the `sources of information or other circumstances show lack of trustworthiness' business records are not admissible. Sometimes records that are infrequently made would not meet this test. Whenever a record is made for the purpose of preparing for litigation, its trustworthiness is suspect and should be closely scrutinized."
1 C. Ehrhardt, Florida Evidence § 803.6, at 490-91 (2d ed. 1984) (emphasis added) (footnotes omitted).
Compare CF Chemicals, Inc. v. Florida Department of Labor & Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981) (employee attendance record held admissible under business records exception to the hearsay rule). Indeed, these accident reports have generally been considered not discoverable pre-trial as falling with the "work product" privilege because they are prepared by a party solely for litigation purposes and have no other business purpose. Winn-Dixie Stores v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), pet. for review denied, 446 So.2d 100 (Fla. 1984); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA), cert. denied, 271 So.2d 146 (Fla. 1972); Grand Union Co. v. Patrick, 247 So.2d 474 (Fla. 3d DCA 1971). This further supports our view that such reports ought not be admissible in evidence as trustworthy business records.
Moreover, we are unpersuaded that the admission of this report below constituted a harmless error. It was a crucial piece of evidence at trial as it was prepared on the day of the accident and directly contradicted the testimony of a plaintiff's witness at trial that there was water on the floor where the plaintiff had fallen. Nor was the evidence merely cumulative in nature. Although the manager did testify at trial, in accord with the report, that there was nothing on the floor where the plaintiff had fallen, the report which was prepared contemporaneous to the accident carried with it a far more persuasive impact than the manager's testimony at trial over a year later. Beyond that, the Florida Supreme Court has, in effect, rejected this position as constituting a "bootstrap argument" because, if accepted, it would insulate from reversal the erroneous admission of all hearsay documents where, as here, a witness testifies to the facts reflected by the document. Garrett v. Morris Kirschman & Co., 336 So.2d 566, 570 (Fla. 1976).
Second, the excluded testimony of the restaurant owner-manager-waitress offered by the plaintiff, concerning the use of anti-skid mats at water stations, was clearly admissible below under the rule stated in Seaboard Air Line Railway v. Watson, 94 Fla. 571, 113 So. 716 (1927) (syllabus by court):

*1299 "3. In cases where the method used by the defendant and alleged to constitute negligence is not clearly and inherently dangerous, it is proper to admit evidence of the general custom of others engaged in the same kind of business or occupation as to the particular method under investigation for whatever light it may throw upon the question as to whether or not the method used was negligent under the circumstances of the particular case, not as being conclusive of the question but as relevant evidence for the consideration of the jury.
4. There is a reasonable basis in most cases for the contention that what is ordinarily and usually done by men generally engaged in the same work or business has some relevancy to the inquiry as to what an ordinarily prudent person would do under the same circumstances. What usually is done may be evidence of what ought to be done, but what ought to be done is ultimately to be determined by a standard of reasonable prudence, whether usually complied with or not."
The defendant did not use an anti-skid mat at the water station where the plaintiff fell, and the above testimony was relevant to establish that the failure to so provide such a mat constituted negligence on the part of the defendant. The trial court committed reversible error in excluding this most important testimony under the circumstances of this case.
Finally, we note that certain testimony was adduced below and certain comments were made by defense counsel concerning plaintiff counsel's patronage of the defendant restaurant. Plainly, this testimony was not admissible since it had no relevance to the issues of this case, and comment thereon was impermissible. Although we find this point insufficient to upset this judgment in this case, we trust this offending testimony and argument will not be allowed by the trial court upon retrial of this cause. See Seaboard Air Line Railroad v. Ford, 92 So.2d 160, 166 (Fla. 1956); Bullock v. Branch, 130 So.2d 74, 77 (Fla. 1st DCA 1961); see generally McCormick on Evidence § 185, at 544-46 (E. Cleary 3d ed. 1984), and authorities collected.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to order a new trial conducted in accord with the views expressed in this opinion.
Reversed and remanded for a new trial.
NOTES
[1] The report, after recording the date of the accident and identity of the plaintiff, states as follows:

"Tripped & fell in front of block area. Nothing on floor. Called rescue. She sat up & complained of sprained wrist."
Defendant's Exhibit A.
[2] It is also not admissible, as the defendant restaurant concedes, under the past recollection recorded exception to the hearsay rule, § 90.803(5), Fla. Stat. (1983), because the restaurant manager in his testimony below had a complete recall of the events which the accident report recorded. In order to qualify as a past recollection recorded, the document in question must, among other things, be "[a] memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable him to testify fully and accurately... ." § 90.803(5), Fla. Stat. (1983); see Montgomery Ward & Co. v. Rosenquist, 112 So.2d 885 (Fla. 2d DCA 1959).