PER CURIAM.
This appeal is brought from a judgment, entered on a jury verdict, in favor of Miami Elevator Company.
James Vaughn, age eleven, was injured when an elevator door gave way trapping his leg between the elevator cab and a wall at the Castillian Club Condominium. There was conflicting testimony at trial as to the exact cause of the accident. Miami Elevator Company, holder of an exclusive contract with the condominium association, was sued on a theory of negligent maintenance of the elevator. Miami Elevator acknowledges that immediately after the accident the nylon bottom guides or gibs and the door, the allegedly defective or negligently maintained components which caused the accident, were discarded.
Two evidentiary rulings of the trial court require that the case be retried. First, an instruction on res ipsa loquitur should have been given where the only direct evidence of negligent maintenance of the elevator was immediately destroyed by the defendant. The lack of direct evidence coupled with the fact that appellee had complete control of the vehicle makes the doctrine of res ipsa loquitur particularly applicable. Ferguson v. Westinghouse Elec. Corp., 408 So.2d 659 (Fla. 3d DCA 1981), rev. denied, 418 So.2d 1281 (Fla.1982).[1]
Second, the damaging statements attributed to the plaintiff by unidentified sources — contained in three letter-reports prepared by a former employee of the condominium’s management company and sent to the insurer — as to how the accident occurred, were inadmissible hearsay. See Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1979) (where source of information was not the person who prepared the documents, such documents not only were themselves hearsay but contained hearsay, and did not become admissible as evidence merely by being recorded in the course of business). In those documents, which were published to the jury, were conclusory statements that the victim’s act of kicking the door caused its failure. Admission of the statements was erroneous. See Stambor v. One Hundred Seventy-Second Collins Corp., 465 So.2d 1296 (Fla. 3d DCA) (accident reports made in anticipation of litigation are generally inadmissible in evidence for lack of trustworthiness), rev. denied, 476 So.2d 675 (Fla.1985). Because there is a reasonable probability that a result favorable to the plaintiff would have been reached if the jury had been instructed on res ipsa, and the contents of the report attributing the accident to the victim’s act of vandalism had been excluded, we cannot agree that admission of the hearsay statements was harmless. See Parkansky v. Old Key Largo, Inc., 546 So.2d 1143 (Fla. 3d DCA 1989).
Reversed and remanded.

. See Wolpert v. Washington Square Office Center, 555 So.2d 382 (Fla. 3d DCA 1989) (as an evidentiary tool, res ipsa relieves a tort plaintiff in limited circumstances of the burden to prove the defendant's negligence by direct evidence).