562 So.2d 431 (1990)
Curtis DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-114.
District Court of Appeal of Florida, First District.
June 18, 1990.
*432 Barbara M. Linthicum, Public Defender; Michael J. Minerva, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Director of Criminal Appeals, Asst. Atty. Gen., William A. Hatch, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant appeals the order revoking his probation on the basis of his unlawful possession of cocaine. At the revocation hearing, the state introduced into evidence the laboratory report from National Health Laboratories in Tampa. The report showed that a urine sample obtained from appellant tested positive for cocaine. We reject the appellant's various attacks on the admissibility of the report and the trial court's reliance thereon. We discuss only the issue of whether revocation on the basis of such report was violative of due process and the Sixth Amendment right of confrontation.
A National Health Laboratories toxicologist supervisor testified at the hearing on behalf of the state. As custodian of records, her testimony qualified the laboratory report as a business record under the provisions of Section 90.803(6), Florida Statutes, and the statutory criteria therein provided were satisfied. Moreover, no lack of trustworthiness of the report was demonstrated. Nevertheless, the appellant claims that he was denied a fair hearing because he was not afforded the opportunity of inquiring into the accuracy of the lab report because the person who actually conducted the test was not called to testify and the person who was called, i.e., the records custodian, was not present when the actual test was performed on the subject sample.
Similar claims were made and rejected in United States v. Baker, 855 F.2d 1353 (8th Cir.1988). The court stated:
The defendants contend the district court committed error by admitting into evidence several laboratory reports that identified controlled substances connected to the defendants. We disagree.
When made on a routine basis, laboratory analyses of controlled substances are admissible as business records under Federal Rule of Evidence 803(6). See United States v. Scholle, 553 F.2d 1109, 1124 & n. 4 (8th Cir.) (The court referred to the business records exception then contained in the Federal Business Records Act, 28 U.S.C. § 1732(a) (1970); that exception is now contained in Federal Rule of Evidence 803(6).), cert. denied, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977); see also United States v. Parker, 491 F.2d 517, 520-21 (8th Cir. 1973). Here, the St. Louis Police Department Laboratory made these reports in the ordinary course of its business and kept the records under its care, custody, and control. The defendants do not challenge the reliability of these reports; nor do they claim the reports were made on other than a routine basis. We conclude the district court properly admitted the reports.
The defendants' also maintain that the admission of the laboratory reports violated their rights under the confrontation clause of the sixth amendment. We disagree. Firmly rooted exceptions to the hearsay rule do not violate the confrontation *433 clause. See Bourjaily v. United States, 483 U.S. 171, 181-84, 107 S.Ct. 2775, 2782-83, 97 L.Ed.2d 144 (1987); Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). When admitting the laboratory reports under the business records exception, the district court acted under a firmly rooted exception. Roberts, 448 U.S. at 66 n. 8, 100 S.Ct. at 2539 n. 8; United States v. Miller, 830 F.2d 1073, 1077 (9th Cir.1987), cert. denied, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988).
Id. at 1359, 1360.[1]
Moreover, in a probation revocation case wherein the defendant was accused of possessing cocaine and cannabis on the basis of a lab report containing the results of a urinalysis test, our sister court in Williams v. State, 553 So.2d 365, 366 (Fla. 5th DCA 1989) stated:
Lab tests or other kinds of hearsay evidence may be admissible pursuant to various exceptions to the hearsay rule. See e.g., § 90.803(6), Fla. Stat. (1987). In such a case, evidence properly admitted pursuant to such an exception, could sustain an order revoking probation. See Walker v. State, 426 So.2d 1180 (Fla. 5th DCA 1983). However, as the record in this case demonstrates, no effort was made to authenticate the lab report as a business record; nor was any other exception to the general rule excluding hearsay evidence established.
See also, City of Fort Lauderdale v. Florida Unemployment Appeals Commission, 536 So.2d 1074 (Fla. 4th DCA 1988).
Appellant points to the unavailability of the sample for retesting[2] and asserts that such unavailability, combined with the unavailability for cross examination of the technician who actually tested the sample, deprived him of an adequate opportunity to challenge the accuracy of the laboratory report. Appellant cites to California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), and Houser v. State, 474 So.2d 1193 (Fla. 1985), in which the courts, respectively, held that due process is not denied by police destruction of or failure to preserve breath samples (Trombetta) and blood samples (Houser). Appellant points out that in those cases the courts observed that the defendant retained the right to cross examine the officer administering the Breathalyzer test (Trombetta) and the technician who actually performed the test (Houser). Appellant takes the position that Trombetta and Houser are materially distinguishable because such an opportunity is unavailable in the instant case. We reject appellant's interpretation of these cases, which we construe as requiring only that the defendant be provided an adequate opportunity to inquire into the accuracy of the lab report, which need not take the form of cross examination of the technician who actually performed the test.
AFFIRMED.
ERVIN, J., and THOMPSON, FORD L. (Ret.), Associate Judge, concur.
NOTES
[1] Rule 803(6), Federal Rules of Evidence, is sufficiently similar to Section 90.803(6) such that the issues resolved by the Eighth Circuit in Baker are the same as those involved in the instant case.
[2] Pursuant to the policy of National Health Laboratories, a sample which tests positive for illegal drugs is retained for three months, and during that time is available for retesting at the request of the client (in this case the probation officer). The probation officer who obtained the urine sample from appellant was not informed of this policy, and the affidavit of violation of probation was filed four months after the testing.