734 So.2d 1149 (1999)
Alvin C. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1850.
District Court of Appeal of Florida, Fifth District.
May 28, 1999.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Williams appeals from his judgment and sentences for sale of cocaine,[1] possession of cocaine,[2] and possession of drug paraphernalia.[3] On appeal Williams argues two issues: first, the evidence was insufficient to establish that he was the person who sold cocaine to the undercover officer, and that he possessed the cocaine; and second, the cocaine and the laboratory test results should not have been admitted in evidence under the business records exception of section 90.803(6), Fla. Stat. Neither point has merit.
The evidence in this case established that Frein, an undercover police officer, drove his car to an intersection in Seminole County, Florida. He saw Williams near a convenience store at that location. Williams approached the car and Frein said he wanted to buy some "crack." The two exchanged a marked twenty dollar bill and one rock of cocaine.
Frein gave a signal to arrest Williams and other officers moved in. Williams fled from them on foot and they followed. They lost sight of Williams for about five seconds, but found him lying behind some *1150 bushes in a wooded area behind a house. The officers took Williams back to Frein, who identified him as the person who had just sold him cocaine, as did another officer at the scene. Williams was searched and drug paraphernalia was found. No additional contraband was found and the twenty dollar marked bill was not found. We think this evidence was sufficient to establish that Williams was the individual who possessed the cocaine and sold it to Frein.
The cocaine purchased from Williams was sent to the Florida Department of Law Enforcement Orlando Regional Crime Laboratory for testing. At trial, Katrina Reid, acting supervisor of the chemistry section of the laboratory, testified to the authenticity of the laboratory report proffered and admitted. At that time, the supervisor of the laboratory was on maternity leave and Reid was the acting supervisor for the chemistry section. Reid did not actually analyze the sample. However, in her capacity as supervisor of the chemistry section that prepares the reports, Reid was the custodian of the records for the laboratory and thus she was a proper person to authenticate its records pursuant to section 90.803(6).[4]See Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990).
AFFIRMED.
THOMPSON, J., concurs.
ANTOON, J., concurs specially with opinion.
ANTOON, J., concurring.
I concur in the majority's decision to affirm Mr. Williams' judgments and sentences, but in doing so it is important to point out the limited scope of the majority's ruling on the evidentiary issue relating to the laboratory report. The only objection raised at trial concerning the admissibility of the laboratory report was Mr. Williams' contention that the state had failed to qualify the report as being a business record under section 90.803(6)(a), Florida Statutes (1997). The trial court properly ruled that the state had demonstrated that the report was admissible.
Two other evidentiary issues relating to the laboratory report were not raised below. First, to my knowledge, there is no legal authority in Florida supporting the state's use of a laboratory report, in lieu of live testimony, during a criminal prosecution to prove that the substance in the accused's possession was contraband. The majority cites to Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990), for the proposition that the hearsay evidence contained in the laboratory report was sufficient to establish the nature of the contraband to be cocaine in this case. However, Davis is inapplicable because that case involved a probation revocation proceeding, not a criminal prosecution. Unlike probation and community control revocation proceedings, in a criminal prosecution the state must prove beyond and to the exclusion of any reasonable doubt that the accused committed a crime. See State v. Wilson, 686 So.2d 569, 570 (Fla.1996). Our courts have ruled that, while information contained in a laboratory report submitted *1151 under the business records exception to the hearsay rule is admissible to establish a violation of community control or probation, such information cannot constitute the sole evidence supporting revocation. See Hogan v. State, 583 So.2d 426, 427 (Fla. 1st DCA 1991). It follows then that the state cannot rely solely on such hearsay evidence to sustain a criminal conviction. See e.g. Anderson v. State, 655 So.2d 1118 (Fla.1995) (holding that the risk of convicting an innocent accused is too great when the evidence is entirely based on hearsay).
Second, the issue of Mr. Williams' constitutional right to confront his accusers was not raised below. The sixth amendment to the United States Constitution and article 1, section 16, of the Florida Constitution guarantee criminal defendants the right to confront their accusers in a criminal trial. The primary interest secured by the confrontation clause is the defendant's right of cross-examination. See Donaldson v. State, 722 So.2d 177, 186 (Fla.1998) (citing Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). I question whether this right is satisfied, at least under our state constitution, when the only evidence submitted by the state to establish the nature of a controlled substance in a drug case is information contained in a laboratory report prepared by a state employee at a police crime lab. But see United States v. Baker, 855 F.2d 1353 (8th Cir.1988), cert. denied, 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989) (holding that it did not violate the confrontation clause of the United States constitution to convict defendant for conspiracy to distribute controlled substance based upon a lab report admitted under the federal business records exception rule because this exception was "firmly rooted"). Cf. United States v. Garnett, 122 F.3d 1016 (11th Cir.1997).
NOTES
[1] § 893.13(1), Fla. Stat.
[2] § 893.13(6)(a), Fla. Stat.
[3] § 893.147(1)(b), Fla. Stat.
[4] Section 90.803(6)(a), Florida Statutes provides:

[T]he following are not inadmissible as evidence...
(6) Records of regularly conducted business activity.
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.