OPINION OF THE COURT
John S. Hall, Jr., J.
*441 The above-named defendant was found guilty by a jury in the State of Colorado of committing the crime of aggravated incest, on December 16, 1998, and was sentenced to a term of imprisonment of four years. Defendant duly registered under Colorado’s version of the Sex Offender Registration Act (SORA). Defendant then relocated to Warren County, New York and was classified as a risk level three sex offender pursuant to SORA by Warren County Judge John Austin on September 30, 2002. That order was reversed by the Appellate Division, Third Department, on April 21, 2004 which remitted for reclassification and redetermination.
The defendant appears before this court for judicial redetermination of the appropriate SORA classification, pursuant to article 6-C of the Correction Law. The court has received and reviewed pertinent materials as to the risk assessment and designation of the defendant, including a certified copy of a presentence report from the State of Colorado. Said materials were sent to and received by the defendant with a notice of hearing pursuant to Correction Law § 168-n.
The decisions by other state and federal courts regarding “Megan’s Law” sex offender classifications have held that due process protections required for a risk assessment proceeding are not as extensive as those required for a criminal trial. (See W.P. v Poritz, 931 F Supp 1199, 1222 [1996]; Doe v Poritz, 142 NJ 1 [1995].) However, a sex offender must be afforded these basic protections, inter alia (see Doe v Pataki, 3 F Supp 2d 456, 471-473 [1998]):
1. Judicial determination independent of a state board’s recommendations;
2. Written notice to the defendant at least two weeks prior to the hearing;
3. Notice to the defendant of the purpose of the hearing and the board’s recommended risk level;
4. Representation by legal counsel;
5. Prehearing review of materials and documents upon which the board’s recommendation is based;
6. The state must bare the burden of persuasion by clear and convincing evidence.
On June 28, 2004 defendant appeared with counsel for the sex offender redesignation hearing. The court heard oral argument by the People and by defendant’s counsel. The defendant’s counsel acknowledged timely receipt of the materials and docu *442 ments submitted by the Board of Examiners most of which had been received and reviewed at the original hearing and which were included in the record on appeal.
The court received in evidence a certified copy of an executed presentence report from the State of Colorado. The defendant acknowledged the validity of his conviction of aggravated incest in the State of Colorado.
The court makes the following findings of fact and conclusions of law in reaching its redetermination. The case summary and risk assessment instrument, along with the certified copy of the presentence investigation report from the State of Colorado, prepared and signed by Melinda Stivers Leach, dated February 12, 1999, an accompanying psychological evaluation prepared by Mary Margaret Jonsson, Ph.D., are found to be “relevant to the determination” and “reliable hearsay,” as those terms are used in Correction Law § 168-n (3), despite defendant’s objections. (See, People v Brown, 7 AD3d 831, 832 [2004], citing People v Wroten, 286 AD2d 189 [2001], lv denied 97 NY2d 610 [2002].) Furthermore, Correction Law § 168-n (3) permits the parties to submit and the court to review “materials relevant . . . from . . . any state . . . facility, . . . office, agency, department or division.” (Emphasis supplied.) The defendant appeared, individually and by counsel, reviewed the materials relied on by the People and had the opportunity to be heard and submit materials as provided by Correction Law § 168-n (3). Accordingly, he has been afforded procedural due process herein, as mandated by People v David W. (95 NY2d 130 [2000]) and Doe v Pataki (3 F Supp 2d 456 [1998]).
Defendant argues that the recent United States Supreme Court ruling in Crawford v Washington (541 US 36 [2004]) is applicable to the case at bar. The Court in Crawford held that out-of-court statements by witnesses that are “testimonial” may not be admitted at trial, even if the trial court finds the statements to be reliable; unless, the declarant is unavailable, and the defendant had a prior opportunity to confront and cross-examine the witness. Defendant seeks to extend the holding in Crawford to SOBA hearings, thus exclude the use of testimonial hearsay.
Although the Court in People v Brown failed to address the issues raised in Crawford, the Appellate Division did state that a court “may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations” (supra at 832, citing Correction Law § 168-n [3]). Thus, it can *443 be argued that “reliable hearsay” that would be otherwise excluded by the Crawford ruling, can be relied upon as the law of the case. It also can be argued that a SORA hearing is merely a ministerial classification, not a trial and that “[t]he purpose of [SORA] certification is administrative and ministerial rather than punitive.” (See, People v Clark, 261 AD2d 97, 100 [1999].)
The court does not so rule but chooses to apply the Crawford rule because it involves a fundamental constitutional right, the right to confront one’s accusers. However, the statements being relied upon by the court in rendering this decision, except as otherwise noted, were made by the defendant, and thus do not involve his rights to confront his accusers and are not testimonial. Therefore, the court finds that the defendant’s admissions and other reliable hearsay are sufficient to render a risk level determination after applying Crawford.
Risk Assessment
Findings of Fact
A Board of Examiners of Sex Offenders was established pursuant to section 168-Z of the Correction Law. Subdivision (5) authorizes the Board to “develop guidelines and procedures to assess the risk of a repeat offense . . . and the threat posed to the public safety” (Correction Law § 168-Z [5]).
As a result, a “risk assessment instrument” or scorecard was developed to objectively and uniformly determine sex offenders’ levels of risk. This court finds that the risk assessment instrument achieves the statutory mandate of providing “guidelines and procedures.” In addition, it affords each sex offender in the state the same criteria for risk assessment regardless of which judge, in which county, or in which year an assessment is made. Furthermore, were the court to utilize any other method to determine the defendant’s risk level, it would deprive both the defendant and the People of equal protection under the law as both objectivity and uniformity would be dubious. Thus the risk assessment instrument is the proper method to assess a defendant’s risk level. The court, however, must independently review and assign a score for each risk factor and, where appropriate, assign a risk score which varies from the Board’s recommendation. Due process requires, inter alia, judicial review of the Board’s recommendations, not a “full evidentiary hearing with witnesses and direct and cross-examination.” (Doe v Pataki, 3 F Supp 2d 456, 471 n 3; see also People v David W., 95 NY2d 130 [2000].)
*444 In applying the risk factors set forth on the risk assessment instrument, the defendant is not being assigned any points under risk factor 1 as there was no known use of violence. Risk factor 2 deals with sexual contact with the victim. Based on the facts contained in the signed, certified copy of the Colorado presentence investigation report, it is clear that the defendant’s conviction in Colorado for aggravated incest is equivalent to the crime of aggravated sexual abuse in the third degree in the State of New York (see, Penal Law § 130.66). Based on the foregoing, the court assigns a value of 25 points under risk factor 2.
Risk factor 3 deals with the number of victims. Defendant, by his own admission acknowledged inappropriate contact with three victims. Defendant told psychologist Mary Margaret Jonsson that he molested his daughter in 1984, when she was 10 years old. Defendant also admitted that he had sexual contact with two of his daughter’s girlfriends. Based on the foregoing, the court assigns a value of 30 points under risk factor 3.
Although the defendant acknowledged molesting his daughter on only one occasion, the defendant’s daughter stated that defendant’s abuse continued over a 12-year period of time. Applying the Supreme Court’s holding in Crawford v Washington, the court finds the victim’s statements to be reliable hearsay. The victim’s statements were made to a probation officer in preparation of the defendant’s presentence investigation report. They were not testimony nor were they made by the victim while being interrogated by a police officer preparatory to a criminal trial. These statements were made after the defendant’s trial and conviction. They were not made to a police officer nor were they intended to support a conviction. Thus, neither the victim nor the probation officer had any incentive to exaggerate the allegations to secure a conviction. They were made and kept in the regular course of business and were intended to be as accurate as possible. The court finds that the victim’s statements are reliable hearsay, thus assigns a value of 20 points for risk factor 4.
The defendant admitted that the victim was 10 years old at the time of the incest, a value of 30 points under risk factor 5. The court received no evidence, and thus is not assigning any points for risk factors 6 through 10. The defendant admitted abuse of drugs and alcohol over a period of several years in the presentence investigation report resulting in an additional 15 points for risk factor 11. Defendant was released from prison and is currently on parole supervision. Therefore, the court assigns a value of five points under risk factor 14.
*445 Although the defendant denies abusing his daughter over a 12-year period of time as alleged, the defendant did acknowledge molesting his daughter on one occasion. Therefore, the court finds that the defendant has accepted some responsibility, although minimal, for his actions and, giving the defendant the benefit of the doubt, the court does not assign any points under risk factors 12 or 13.
Conclusion
Evidence as to the foregoing is found to be clear and convincing, and despite being assigned zero points for acceptance of responsibility, the defendant presents a total risk factor score of 125 points.
Therefore, it is hereby ordered that the defendant is hereby designated a level three offender, pursuant to article 6-C of the Correction Law. The defendant’s conviction in Colorado is equivalent to the crime of aggravated sexual abuse in the third degree in the State of New York (Penal Law § 130.66). He is therefore designated a sexually violent offender per Correction Law § 168-a (3).