917 So.2d 210 (2005)
Salvador RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1218.
District Court of Appeal of Florida, Fifth District.
September 9, 2005.
Rehearing Denied January 4, 2006.
Mary Elizabeth Fitzgibbons, of Fitzgibbons Law Firm, P.A., Celebration, for Appellant.
Charles L. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Salvador Rivera challenges his conviction *211 for trafficking in cocaine[1] on the grounds that the trial court erred in introducing a Florida Department of Law Enforcement ("FDLE") lab report through the records custodian and in limiting his right to cross-examine the confidential informant involved in his case. We determine only the first issue has merit and is dispositive of the appeal. When the State attempted to admit the report, Rivera objected, but was overruled. We reverse because the trial court erred when it admitted a lab report conducted by an FDLE chemist pursuant to the business records exception to the hearsay rule.[2]
During Rivera's trial, the State called Amanda Julian as its FDLE witness. Julian supervised Kevin Bass, the chemist who tested the alleged contraband and who wrote the report summarizing his findings. Bass performed the test to ascertain the weight and character of the alleged contraband. Bass, however, was unavailable because he was in training to become an FDLE field agent. The State attempted to introduce the chemist's report as a business record through Julian. Rivera objected because he could not effectively cross-examine Julian about the chemist's techniques, procedures, and handling of the contraband. The court overruled the hearsay objection and admitted the report. This admission was error.
Rivera argues that Judge Antoon's concurrence in Williams v. State, 734 So.2d 1149, 1150 (Fla. 5th DCA 1999), and Florida and United States Supreme Court decisions concerning hearsay and the Confrontation Clause mandate a reversal. In Williams, this court affirmed a conviction for sale and possession of cocaine based upon the trial court's admitting over hearsay objection alone the State's use of the FDLE records custodian to authenticate the FDLE drug test lab report. Judge Antoon noted in his concurrence in Williams that there was no legal authority in Florida at the time supporting the State's use of a laboratory report, in lieu of testimony, during a criminal prosecution to prove that the substance in the accused's possession was contraband. In that case, he concurred with the majority opinion that allowed the Orlando FDLE Crime Laboratory acting chemistry section supervisor to authenticate the proffered and admitted laboratory report. However, Judge Antoon disagreed with the majority's citation to Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990), for the proposition that the hearsay evidence contained in the laboratory report was sufficient to establish the nature of the contraband to be cocaine in Williams' case because Davis concerned a probation revocation proceeding where the standard of proof is lesser and the use of hearsay permitted. Instead, he based his concurrence on the fact that Williams did not raise his constitutional right to confront his accusers during the trial. See Williams, 734 So.2d at 1151. For this reason, we distinguish Williams and reach the opposite result.
Our concern now, as Judge Antoon expressed in Williams, is Rivera's constitutional right to confront his accusers in a criminal trial. See Pointer v. Texas, 380 U.S. 400, 404, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (declaring that the right of cross-examination is one of the safeguards essential to a fair trial). Drug or alcohol tests performed in the usual course of hospital business are admissible in criminal cases under the business records exception. See Baber v. State, 775 So.2d 258, 260-261 (Fla.2000), cert. denied, 532 U.S. 1022, 121 S.Ct. 1964, 149 L.Ed.2d *212 758 (2001) (stating that "[t]he majority rule among state courts is that drug or alcohol tests performed in the usual course of business of a hospital are admissible in criminal cases" because if they are presumed trustworthy for medical treatment, they are admissible as business records.) However, extending this exception to a FDLE lab records custodian in a criminal proceeding would threaten Rivera's right under the Confrontation Clause to question the witness to ensure a fair trial. Julian, under cross-examination, could not have answered questions concerning chain of custody, methods of scientific testing, and analytical procedures regarding the contraband at issue. Here, the chemist's report lacks the indicia of reliability characteristic of hospital record cases. The hospital tests a patient's blood alcohol for the benefit of the patient's treatment; in contrast, the State tests alleged drug samples to incriminate and convict the accused.
The concerns of the hearsay rule sometimes overlap with Confrontation Clause issues, but the United States Supreme Court has been careful not to equate a hearsay violation with a Confrontation Clause violation. See White v. Illinois, 502 U.S. 346, 352, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992). In the same manner, we choose not to confuse Rivera's right to confront his accusers with his right to insist upon evidence not tainted by hearsay. The right of cross-examination is one of the safeguards essential to a fair trial. Pointer, 380 U.S. at 404, 85 S.Ct. 1065. The trial court's ruling below thwarted Rivera's right to confront his accusers and allowed the State to sidestep its proof of the elements of the charged offense. The admission of the report was crucial to the State's case, and its admission at trial against Rivera was error.
REVERSED and REMANDED for a new trial.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] § 893.03(2)(a)4, Fla. Stat. (2002).
[2] § 90.803(6), Fla. Stat. (2002).