936 So.2d 1190 (2006)
Jermaine L. MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1598.
District Court of Appeal of Florida, First District.
August 30, 2006.
*1191 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Jermaine Lamar Martin appeals his convictions for possession of cocaine and possession of cannabis arguing, in part, that the trial court erred in admitting, over objection, a report of the Florida Department of Law Enforcement (FDLE), which indicated that the substances seized from Martin were contraband. The prosecution offered this report under the business records exception to the hearsay rule in lieu of presenting at trial the live testimony of the person who performed the tests. The defense objected to the admission of the lab report,[1] arguing that admission of such without the testimony of the author of the report denied Martin his right under federal and state Confrontation Clauses.[2] We hold that the admission *1192 of the FDLE report as a business record without giving appellant the right to examine the author of the report was reversible error.
In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court established a test for determining when the admission of hearsay evidence violates the Confrontation Clause of the United States Constitution. The Crawford court held that the admission of hearsay evidence which was "testimonial" in nature violates the Confrontation Clause unless the declarant is unavailable to testify and unless the defendant had a prior meaningful opportunity to cross-examine the declarant. Id. 124 S.Ct. at 1369. While Crawford did not provide a comprehensive definition of "testimonial," it did explain that business records "by their nature" are not testimonial, id. 124 S.Ct. at 1367, but that statements "reasonably expect[ed] to be used prosecutorially" or which "would be available for use at a later trial" were. 124 S.Ct. at 1364. More particularly, the Court explained in Crawford that testimonial statements include:
ex-parte in-court testimony, or its functional equivalentthat is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially [....] extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, [... and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Id. (emphasis added).
While the FDLE report at issue in the instant case may meet the definition of a business record under the Florida statute permitting admission of such records, see section 90.803(6), Florida Statutes (2003), an issue we do not address, the report obviously was prepared for litigation purposes. The testing memorialized in the report was occasioned solely by the arrest of appellant and was performed by a state law enforcement agency, and the report was offered by the State in furtherance of a criminal prosecution.
Applying Crawford, Florida courts have consistently held that records such as the FDLE report before us are testimonial in nature. In Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005), we held that a "breath test affidavit" prepared by a law enforcement officer following the arrest of the subject tested was testimonial hearsay evidence in that the affidavit "contained statements one would reasonably expect to be used prosecutorially and was made under circumstances which would lead an objective witness to reasonably believe the statements would be available for trial." Id. at 618; see also Belvin v. State, 922 So.2d 1046 (Fla. 4th DCA 2005) (holding that a breath-test affidavit was testimonial hearsay and not admissible as a business record because the affidavit was prepared in anticipation of trial); Johnson v. State, 929 So.2d 4 (Fla. 2d DCA 2005) ("an FDLE lab report prepared pursuant to a police investigation and admitted to establish an element of a crime is testimonial hearsay even if it is admitted as a business record"), rev. granted, 924 So.2d 810 (Fla. 2006); Rivera v. State, 917 So.2d 210 (Fla. 5th DCA 2005) (explaining that while drug or alcohol tests performed by a hospital in the usual course of business are admissible as business records, similar tests performed by an FDLE lab are not pursuant to the Confrontation Clause); Sobota v. State, 933 So.2d 1277 (Fla. 2d DCA 2006).
Here, the State has not claimed that the person who tested the substances *1193 seized from appellant and who authored the report at issue was unavailable to testify. Also, the State has not claimed that the defense had been previously given an opportunity to examine the author of the FDLE report in a meaningful manner. Accordingly, the trial court erred in admitting the FDLE report, and the error cannot be deemed harmless as it was the only proof of the contraband nature of the items seized from appellant. See Crawford v. Washington.
Because a new trial is required, it is not necessary to address the other issue raised on appeal. The cause is REVERSED and REMANDED for a new trial.
POLSTON, J., concurs, and THOMAS, J., dissents with written opinion.
THOMAS, J. dissenting.
I respectfully dissent. I would align this court with those jurisdictions which have determined that laboratory reports are not "testimonial" and thus may be admitted into evidence without violating the Confrontation Clause and the Supreme Court's holding in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[3]
The holding in Crawford is clearly limited to "testimonial" evidence, which generally involves statements by witnesses, and not routine records produced in the ordinary course of business by persons not directly involved with the prosecution or investigation of a case. As the majority stated in Crawford:
Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay lawas does Roberts, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of "testimonial." Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.
541 U.S. at 68, 124 S.Ct. 1354 (footnote omitted) (emphasis added).
*1194 Although the Supreme Court did not conclusively define "testimonial," nothing in Crawford suggests that the definition would be stretched to include laboratory reports. In fact, the Court surmised in dicta that business records likely would not be included. Id. at 56, 124 S.Ct. 1354.
Section 90.803(6), Florida Statutes (2003), defines a business record as
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
Thus, section 90.803(6) clearly includes the FDLE laboratory report.
In Johnson v. State, 929 So.2d 4 (Fla. 2d DCA 2005), the Second District acknowledged that business records were not barred by Crawford because they could be considered nontestimonial:
[The Supreme Court] provide[d]a noncomprehensive list of testimony that would be considered testimonial: testimony at a preliminary hearing, testimony in front of a grand jury or at a trial, and testimony that results from police interrogation..... It also noted, in dicta, that certain hearsay statements are by their nature nontestimonialsuch as business records[.]

Id. at 7 (emphasis added). However, the Second District held that FDLE reports could not be admitted into evidence because they were "intended to bear witness against the accused." Id. I respectfully disagree with this holding. I believe that an FDLE report is not always intended to bear witness against the accused, because it could also be used to exonerate the accused. Thus, I would find the FDLE laboratory report is admissible as a business record.
The majority opinion notes that "[w]hile the FDLE report at issue . . . may meet the definition of a business record under the Florida statute permitting admission of such records, see section 90.803(6), Florida Statutes (2003), an issue we do not address, the report obviously was prepared for litigation purposes." Because I agree that the FDLE report meets the statutory definition of a business record, I would follow this court's holding in Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990). I do not find the report here distinguishable from the National Health Laboratory report in Davis; both reports are equally trustworthy.
In Davis, this court rejected the appellant's argument that he was not afforded a fair hearing because he could not inquire into the accuracy of the lab report when only the records custodian, who was not present for the testing, testified at trial. 562 So.2d at 432. This court analogized the appellant's claim to a similar claim made and rejected in United States v. Baker, 855 F.2d 1353 (8th Cir.1988). Id. In Baker, the court held that laboratory analyses made by a police laboratory, when made on a routine basis, were admissible as business records if the defendants did not challenge the reliability of these reports. Id. at 1359-60.
*1195 The Fourth District agreed with the reasoning of Davis in Russell v. State, 801 So.2d 999, 1000 (Fla. 4th DCA 2001). While the Fourth District recently held that an affidavit attesting to an alcohol breath test was not admissible under Crawford, it did not mention Russell. Belvin v. State, 922 So.2d 1046, 1054 (Fla. 4th DCA 2006). I recognize conflict with Belvin, but I believe the better rule would hold that business records are not testimonial. Further, I believe that the Davis and Russell decisions remain valid unless or until the United States Supreme Court announces a broader rule than it did in Crawford.
The majority holds that the FDLE report does not qualify as a business record simply because its production is triggered by an arrest. However, section 90.803(6) does not exclude reports produced by FDLE or other law enforcement authorities. FDLE laboratory reports are not rendered suspect by the "[i]nvolvement of government officers in the production of testimony with an eye toward trial" which, the Supreme Court recognized in Crawford, "presents unique potential for prosecutorial abuse[.]" 541 U.S. at 56, n. 7, 124 S.Ct. 1354. See, e.g., Rackoff v. State, 621 S.E.2d 841, 845 (Ga.Ct.App.2005) (holding that alcohol breath test machine certifications are business records because they merely state facts and are not opinions prepared for use against an individual). Here, there is little danger of prosecutorial abuse because FDLE's scientists are state employees who perform a duty that can, but does not always, assist law enforcement officers and prosecutors.
In Stambor v. One Hundred Seventy-Second Collins Corp., 465 So.2d 1296 (Fla. 3d DCA 1985), the Third District discussed the reason that an accident report, prepared by a premises owner after a slip and fall, does not qualify as a business record:
Not all records regularly made by a business are admissible; a requirement of minimum reliability of a record is contained in Section 90.803(6) [Florida Statutes] which states that when the `sources of information or other circumstances show lack of trustworthiness' business records are not admissible. Sometimes records that are infrequently made would not meet this test. Whenever a record is made for the purpose of preparing for litigation, its trustworthiness is suspect and should be closely scrutinized.

Id. at 1297-98 (emphasis added) (citations omitted). FDLE's routinely produced laboratory reports are clearly distinguishable from the accident report in Stambor. FDLE has no motive to fabricate its reports and has no financial interest at stake. Further, FDLE will not suffer adverse consequences if its scientists report that a tested substance is not contraband.
Instead, FDLE laboratory reports reflect neutral scientific tests performed by state employees in a non-adversarial environment. See generally State v. Dedman, 136 N.M. 561, 102 P.3d 628, 636 (2004) (concluding that blood alcohol tests and reports produced by non-law enforcement personnel in a state laboratory were not suspect because they were prepared in a non-adversarial setting); cf. McElroy v. Perry, 753 So.2d 121, 126 (Fla. 2d DCA 2000) (holding that independent medical examination prepared by expert for purpose of litigation lacked trustworthiness and was not admissible as business record). FDLE's tests are not affected or compromised by "prosecutorial" or "investigative" procedures. The reports memorializing these tests are prepared in the ordinary course of business, not solely in anticipation of litigation. Additionally, FDLE scientists are not hired experts who *1196 might produce a report geared toward a specific result.
In Commonwealth v. Verde, 444 Mass. 279, 827 N.E.2d 701 (2005), the court held that certificates of chemical analysis were similar to the business or official records held to be non-testimonial under Crawford because production of these certificates was not discretionary or based on opinion, but merely stated the facts of an accepted scientific test. The court explained, "Furthermore, we do not believe that the admission of these certificates of analysis implicate `the principal evil at which the Confrontation Clause was directedparticularly its use of ex parte examinations as evidence against the accused.'" Id. at 706 (citations omitted).
This is not a case where an arresting officer performed a test and produced testimonial evidence. See Shiver v. State, 900 So.2d 615 (Fla. 1st DCA 2005) (holding that Crawford prohibited the admission of a state trooper's affidavit describing an alcohol breath test he performed). In contrast, FDLE's laboratory reports are not produced by law enforcement officers and are exactly the type of business records the legislature intended to authorize as exceptions to the hearsay rule. Such reports are not comparable to an arresting officer's affidavit.
As in this case, FDLE is usually not the arresting agency. Therefore, I do not believe that the admission of FDLE reports violates Crawford because the reports qualify as non-testimonial business records. Accordingly, I would affirm Appellant's conviction and certify conflict with Johnson.
NOTES
[1] Appellant also argues on appeal that the lab report in question was not a "business record," and accordingly was not properly admitted under the business record exception to the hearsay rule, relying on amendments to section 90.803 and section 90.902, Florida Statutes, enacted by chapter 2003-259, Laws of Florida, as well as Baber v. State, 775 So.2d 258 (Fla.2001), United States v. Oates, 560 F.2d 45 (2d Cir.1977), and the concurring opinion in Kettle v. State, 641 So.2d 746, 750-51 (Miss.1994) (Banks, J., concurring). This precise argument was not made to the trial court, however, and, thus, has not been preserved for review by this court. See F.B. v. State, 852 So.2d 226 (Fla.2003) (holding that, except in cases of fundamental error, for an argument asserting error to be cognizable on appeal, the specific contention raised by the argument on appeal must have been asserted as the legal ground for the objection below).
[2] The Sixth Amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." Article I, section 16 of the Florida Constitution similarly provides that "[i]n all criminal prosecutions, the accused shall ... have the right to ... confront at trial adverse witnesses...."
[3] See People v. Hinojos-Mendoza, 140 P.3d 30, 36 (Colo.Ct.App. 2005):

A majority of jurisdictions hold that laboratory reports and similar documents are nontestimonial business or public records. See, e.g., People v. Johnson, 121 Cal.App.4th 1409, 18 Cal.Rptr.3d 230 (2004) (laboratory reports routine and nontestimonial documents); Commonwealth v. Verde, 444 Mass. 279, 827 N.E.2d 701 (2005) (laboratory report on weight of cocaine a business record); State v. Dedman, 136 N.M. 561, 102 P.3d 628 (2004) (blood alcohol content reports nontestimonial); People v. Brown, 9 Misc.3d 420, 801 N.Y.S.2d 709 (2005) (DNA testing records nontestimonial); People v. Kanhai, 8 Misc.3d 447, 797 N.Y.S.2d 870 (Crim.Ct.2005) (breathalyzer test results regular business records); People v. Durio, 7 Misc.3d 729, 794 N.Y.S.2d 863 (2005) (autopsy reports business records); Moreno Denoso v. State, 156 S.W.3d 166 (Tex.App. 2005) (autopsy reports nontestimonial); Luginbyhl v. Commonwealth, 46 Va.App. 460, 618 S.E.2d 347 (2005) (petition for rehearing en banc granted Sept. 27, 2005) (report from breathalyzer machine and technician's certificate of calibration business records); cf. Frazier v. State, 907 So.2d 985 (Miss.Ct. App.2005) (pen-packs nontestimonial); People v. Brown, 5 Misc.3d 440, 785 N.Y.S.2d 277 (2004) (statements in presentencing report nontestimonial).