973 So.2d 543 (2008)
Layura SELLERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4352.
District Court of Appeal of Florida, First District.
December 31, 2007.
Rehearing Denied February 7, 2008.
*544 Nancy A. Daniels, Public Defender, Tallahassee; and Gail E. Anderson, Special Assistant Public Defender, Greensboro, for Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant contests her convictions for aggravated manslaughter, DUI manslaughter, vehicular homicide and child neglect, arguing that the trial court erred in admitting, over objection, blood test results that demonstrated her impairment. She also alleges that the admission of a beer can found at the scene of the automobile accident was unfairly prejudicial and should not have been allowed. After careful consideration, we disagree with Appellant's arguments and affirm her sentence of 30 years' imprisonment.
The United States Supreme Court has held that the Sixth Amendment right to confrontation allows the admission of "testimonial hearsay" only if the witness is unavailable and the accused has had a prior opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). When hearsay is non-testimonial, a defendant's Sixth Amendment right to confront witnesses is not an issue. Davis v. Washington, 547 U.S. 813, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006).
Reports that are produced in furtherance of a police investigation constitute testimonial hearsay. See Martin v. State, 936 So.2d 1190, 1192 (Fla. 1st DCA *545 2006) (holding that an FDLE report was inadmissible testimonial hearsay because "[t]he testing memorialized in the report was occasioned solely by the arrest of appellant and was performed by a state, law enforcement agency, and the report was offered by the State in furtherance of a criminal prosecution."); Johnson v. State, 929 So.2d 4 (Fla. 2d DCA 2005) (holding an FDLE-ordered drug test was testimonial); Belvin v. State, 922 So.2d 1046 (Fla. 4th DCA 2006) (holding a breath test affidavit was testimonial because it was ordered by police for use at a later criminal trial); Shiver v. State, 900 So.2d 615, 618 (Fla. 1st DCA 2005) (holding a breath test affidavit was testimonial because it "was made under circumstances which would lead an objective witness to reasonably believe the statements would be available for trial."). However, drug or alcohol tests performed by a hospital in the usual course of business are admissible as business records. See Martin, 936 So.2d at 1192 (citing Rivera v. State, 917 So.2d 210, 211 (Fla. 5th DCA 2005)); Pflieger v. State, 952 So.2d 1251, 1253-1254 (Fla. 4th DCA 2007) (finding annual inspection reports of breathalyzer machines were non-testimonial hearsay because these reports were not specifically prepared for trial; also specifically mentions that a "hospital record of, a blood test" is for "accurate medical treatment" and is non-testimonial),
Here, we find that the blood test record admitted into evidence is not testimonial; therefore, there was no violation of Appellant's right to confrontation. The blood test in question was performed only because Appellant's emergency room doctor required the test in order to properly diagnose and treat Appellant's injuries. It was not ordered by law enforcement and was not performed in the furtherance of a criminal prosecution. Thus, this case is factually distinct from Sobota v. State, 933 So.2d 1277, 1278 (Fla. 2d DCA 2006) (finding the results of a blood test were testimonial hearsay because a police officer ordered the testing). Accordingly, we agree with the trial court that a Crawford violation did not take place.
As to Appellant's claim that the beer can found at the scene of the accident should not have been admitted into evidence, we find no' error. Further, even if there was error, it was certainly harmless. The benchmark of the harmless error test is "whether there is a reasonable possibility that the error affected the verdict." Knowles v. State, 848 So.2d 1055, 1059 (Fla.2003) (quoting State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)). The jury was presented with an abundance of evidence suggesting that Appellant was intoxicated on the evening of the accident, including the results of two separate blood tests, witness testimony, the investigator's conclusions that intoxication was the cause of the accident, and Appellant's own admission that she had consumed at least one beer and some cold medicine on the day of the accident. Accordingly, no reasonable possibility exists that the presentation of the beer can affected the verdict.
Appellant's judgment is hereby AFIRMED.
VAN NORTWICK and LEWIS, JJ., concur.