IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PEDRO ANDRES BRAVO,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4141

Opinion filed October 7, 2016.

An appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

Stephen N. Bernstein, Gainesville, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     Following a ten-day jury trial, Appellant was convicted of first degree
murder, false imprisonment, poisoning, tampering with physical evidence, giving
false information to law enforcement concerning the commission of a capital

felony, giving false information to law enforcement concerning a missing person investigation, and unlawful transportation of human remains, related to the death of his friend. Appellant raises three issues on appeal which we reject.

We reject the Appellant's first claim that the trial court erred in denying a motion for new trial based on newly discovered evidence. At the evidentiary hearing on the motion for new trial, Appellant did not meet his burden to show that the purported newly discovered evidence was "of such nature that it would *probably* produce an acquittal on retrial." Jones v. State, 591 So. 2d 911, 915 (Fla. 1991); see also Johnston v. State, 27 So. 3d 11 (Fla. 2010). Furthermore, to the extent that Appellant's claim of a Brady[1] violation was preserved, we do not find that any violation occurred.

We reject Appellant's second claim that the trial court erred in denying his motion to suppress his inculpatory statements made to law enforcement. The question of whether a suspect is in custody during interrogation is a mixed question of law and fact. Ramirez v. State, 739 So. 2d 568 (Fla. 1999). "A trial court's ruling on a motion to suppress is presumed correct." Bonifay v. State, 626 So. 2d 1310, 1312 (Fla. 1993). The trial court made extensive factual findings on the suppression issue and these findings were supported by competent, substantial evidence. See Parker v. State, 873 So. 2d 270 (Fla. 2004). The trial court applied

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

the correct law in determining whether Appellant was subject to custodial interrogation. Therefore, we find no error in the trial court's finding that when Appellant voluntarily spoke with law enforcement as part of his scheme to mislead authorities as to the reason for Mr. Aguilar's disappearance, Appellant was not being subjected to custodial interrogation.

Finally, we reject Appellant's claim of a Confrontation Clause violation regarding testimony as to Appellant's cell phone location. As we have previously stated, "business records 'by their nature' are not testimonial." Martin v. State, 936 So. 2d 1190 (Fla. 1st DCA 2006) (quoting Crawford v. Washington, 541 U.S. 36, 56 (2004)).

AFFIRMED.

LEWIS, BILBREY, and WINOKUR, JJ., CONCUR.